UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAROL J. BLANDON-VILLAGRA,<br>Petitioner,<br>v.<br>GREGORY J. AHERN,<br>Respondent. | Case No. 22-cv-03434-WHO (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner Jarol J. Blandon-Villagra seeks federal habeas relief from his state robbery convictions. The petition for habeas relief is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states a cognizable claim. Accordingly, on or before **March 3, 2023**, respondent shall file an answer or a dispositive motion in response to the operative habeas petition. In that regard, the petition discloses that Blandon-Villagra was convicted in 2018. He filed the current petition in 2022, which is beyond the 1-year filing limit imposed by AEDPA. If respondent concludes that this habeas action is untimely, he may wish to file a motion to dismiss the action on such grounds, though he is not required to do so.

The Clerk shall amend the docket to reflect that Gregory J. Ahern, the current custodian of petitioner, is the sole respondent in this action, and shall terminate the Alameda County Superior Court as a respondent.[1]

---

[1] Ahern is the sole proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

# BACKGROUND

According to the petition, in 2018 Blandon-Villagra pleaded guilty in the Alameda County Superior Court to robbery charges. (Pet., Dkt. No. 1 at 1-2.) A sentence of eight years was imposed. It does not appear that Blandon-Villagra filed a direct appeal or any petitions for state collateral relief. (*Id.* at 2-4.)

# DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Blandon-Villagra alleges that (1) his speedy trial rights were violated; and (2) defense counsel rendered ineffective assistance. Only Claim 2 is cognizable and will proceed. Claim 1 cannot proceed because Blandon-Villagra pleaded guilty. After a defendant has entered a plea of guilty, the only challenges left open on federal habeas corpus review concern the (i) voluntary and intelligent character of the plea and (ii) adequacy of the advice of counsel.[2] *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)).

---

[2] There are exceptions to this general bar. For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see id.* (citing *Menna v. New York*, 423 U.S. 61 (1975)).

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by mail a copy of this order on petitioner.

2. On or before **March 3, 2023**, respondent shall file with the court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **March 3, 2023**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the court and respondent informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

1  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2      7.  Upon a showing of good cause, requests for a reasonable extension of time will
3  be granted provided they are filed on or before the deadline they seek to extend.

4      8.  The filing fee has been paid.  (Dkt. No. 1.)

5      9.  The Clerk shall modify the docket to reflect that Gregory J. Ahern is the sole
6  respondent in this action.

**IT IS SO ORDERED.**

**Dated:**  December 7, 2022



WILLIAM H. ORRICK
United States District Judge