UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAROL J. BLANDON-VILLAGRA,<br><br>Petitioner,<br><br>v.<br><br>JEFF MACOMBER,<br><br>Respondent. | Case No. 22-cv-03434-WHO (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>Dkt. No. 9 |

## INTRODUCTION

Petitioner Jarol J. Blandon-Villagra seeks federal habeas relief from his California state convictions. His petition for such relief is untimely, as pointed out in respondent's unopposed motion to dismiss. Blandon-Villagra had until March 5, 2020 to file a timely federal habeas petition but he did not file the pending one until 2022. Blandon-Villagra has not responded to the motion and therefore has not shown that he is entitled to statutory or equitable tolling. Because the petition is untimely, the motion to dismiss is GRANTED and the petition is DISMISSED.

The Clerk shall modify the docket to reflect that Jeff Macomber is the sole proper respondent in this action and to terminate Gregory J. Ahern as respondent. *See* Rules Governing Section 2254 Cases, Rule 2(a); Fed. R. Civ. P. 25(d).

## BACKGROUND

In 2018, Blandon-Villagra pleaded no contest in the Alameda County Superior Court to two counts of second degree robbery (Cal. Penal Code § 211) and admitted to an

1 enhancement allegation for the personal use of a firearm (*id.* § 12022.5 (a)(1)).[1] (Mot. to
2 Dismiss (MTD), Plea Hearing Transcript, Dkt. No. 9 at 6.) On January 2, 2019, a sentence
3 of nine years in state prison was imposed. (*Id.*, Sentencing Hearing Transcript, Dkt. No. 9
4 at 17, 19.) Blandon-Villagra admits that he did not seek state collateral relief and that he
5 filed no appeal.[2] (Pet., Dkt. No. 1 at 2, 3.)

Because he filed no appeals, Blandon-Villagra's conviction became final 60 days after sentencing, on March 4, 2019. *See* Cal. Rules of Court, Rule 8.308(a). This means that he had until March 5, 2020, to file a timely federal habeas petition, which is one year after his convictions became final. 28 U.S.C. § 2244(d)(1)(A). The current federal petition was filed in 2022, which is well after the March 5, 2020, deadline.

After I issued an Order to Show Cause, respondent filed the pending motion to dismiss, which is the subject of this Order. Blandon-Villagra has filed no response to the motion.

## DISCUSSION

### I. Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was

---

[1] "In his federal petition, petitioner lists his name as 'Jarol J. Blandon-Villagra' and his Alameda County Superior Court case number as '302 33 098.' He alleges that he pled guilty to two counts of second degree robbery, and that on December 3, 2018, he was sentenced to eight years. Our inquiries to the Alameda County Superior Court and CDCR turned up no records for anyone with the listed name and case number. Instead, we discovered records for 'Joral J. Blandon,' which appear to partially match some of the information provided by petitioner. We therefore presume that these are the records of petitioner's state judgment." (MTD, Dkt. No. 9 at 2 n.2.)

[2] Blandon-Villagra waived his right to appeal as part of his plea agreement. (MTD, Plea Hearing Transcript, Dkt. No. 9 at 10.)

1  newly recognized by the Supreme Court and made retroactive to cases on collateral
2  review; or (4) the factual predicate of the claim could not have been discovered through
3  the exercise of due diligence. 28 U.S.C. § 2244(d)(1). This one-year clock starts ticking
4  90 days after direct state review is final. "[W]hen a petitioner fails to seek a writ of
5  certiorari from the United States Supreme Court, the AEDPA's one-year limitations period
6  begins to run on the date the ninety-day period defined by Supreme Court Rule 13
7  expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## II.  Timeliness of the Petition

Blandon-Villagra had until March 5, 2020 — one year after his state convictions became final — to file a timely habeas petition.[3] The current petition was filed in 2022, well after the March 5, 2020 deadline, and is untimely. Unless Blandon-Villagra is entitled to statutory or equitable tolling, the petition must be dismissed as untimely.

### A.  Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). Because Blandon-Villagra did not file any state petitions for collateral relief, there is no statutory tolling.

### B.  Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold

---

[3] Blandon-Villagra is not entitled to the additional 90 days afforded by *Bowen*. Because he did not appeal, he could not petition the United States Supreme Court to review a state supreme court decision on his appeal.

1  necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions
2  swallow the rule." *Id.* (citation omitted).

3  Because Blandon-Villagra has not filed any response to the motion, he has not
4  contended or offered support for a contention that he has been acting diligently and that
5  some extraordinary circumstance prevented timely filing. Therefore, he has not shown he
6  is entitled to equitable tolling.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 9.) The petition is DISMISSED.

A certificate of appealability will not issue. Blandon-Villagra has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall modify the docket to reflect that Jeff Macomber is the sole proper respondent in this action, and terminate Gregory J. Ahern as respondent. *See* Rules Governing Section 2254 Cases, Rule 2(a); Fed. R. Civ. P. 25(d).

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** July 14, 2023

WILLIAM H. ORRICK
United States District Judge

4